IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES BRIAN CLARK                                                                                      PETITIONER

V.                          Civil No. 3:21-cv-03009-TLB-MEF

JIM ROSS, Sheriff of
Carroll County, Arkansas                                                                             RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). Also pending are Petitioner's Motion for Counsel, Motion for Sanctions, and Motion to Compel Appearance. (ECF Nos. 4-6). The Respondent has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

**I.       BACKGROUND**

Petitioner, James Brian Clark ("Clark"), filed his *pro se* Petition on February 8, 2021. (ECF No. 1). The Petition concerns his state criminal cases pending before the 19th Judicial Circuit Court in Carroll County, Arkansas. See *State of Arkansas v. James Brian Clark*, Case Nos. 08ECR-2019-141 and 08ECR-2019-182.[1] In Case No. 08ECR-2019-141, Clark is charged with two counts of Terroristic Threatening, four counts of Aggravated Assault, two counts of Domestic Battery in the 3rd Degree, one count of False Imprisonment in the 1st Degree, and one count of False Imprisonment in the 2nd Degree. In Case No. 08ECR-2019-182, Clark is charged with two counts of Domestic Battery in the 2nd Degree and one count of Violation of a No Contact Order.

---

[1] Clark does not provide a case number in his Petition. (ECF No. 1, p. 1). The Court located Clark's state court case information on caseinfo.arcourts.gov. References to the state proceedings are taken from this information.

Clark's cases were initially assigned to the Hon. Scott Jackson, Circuit Judge of the 19th Judicial Circuit. At a pretrial hearing held on November 4, 2019, defense counsel moved to have a special judge appointed and, on November 6, 2019, the Chief Justice of the Arkansas Supreme Court assigned the Hon. Gary Arnold, Circuit Judge of the 22nd Judicial Circuit, to hear Clerk's cases. Judge Arnold entered a Scheduling Order on March 5, 2020, setting a two-day jury trial for May 26-27, 2020. Clark's court-appointed attorney, Robert Scott Parks, of the Northwest Arkansas Conflicts Division, then filed a motion to withdraw as Clark's counsel on April 3, 2020, citing an unresolved conflict of interest following privileged conversations with Clark in early March 2020. Judge Arnold granted the motion to withdraw on April 7, 2020, and the Arkansas Public Defender Commission was directed to appoint substitute counsel for Clark. Attorney Tony Pirani entered his appearance on May 12, 2020, pursuant to the Commission's appointment.

Orders directing a forensic examination of Clark, to determine fitness for trial and for criminal responsibility, were entered on September 2, 2020. A Scheduling Order entered on September 11, 2020 reflects the procedural history of these cases, including those periods of time excluded for purposes of speedy trial. The forensic report diagnosing Clark with intermittent explosive disorder, but finding Clark competent to stand trial, was submitted on November 23, 2020 and filed of record on December 15, 2020.

Most recently, on February 8, 2021, the Chief Justice of the Arkansas Supreme Court reassigned Judge Arnold, who had retired on December 31, 2020, to continue to hear Clark's cases.

Clark initially filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this Court on January 14, 2021. (*James Brian Clark v. Sheriff Jim*

*Ross*, Case No. 3:21-cv-03001, ECF No. 1). That petition was dismissed without prejudice on February 11, 2021, the Court finding that the doctrine of abstention in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) applied. (*Id*., ECF No. 8).

In Clark's current petition under 28 U.S.C. § 2241, filed on February 8, 2021, he also challenges the constitutionality of his pending state criminal cases, alleging violations of his right to effective assistance of counsel and his right to a speedy trial. (ECF No. 1, at 6-12). He alleges that "Administrative remedies, Motions, Petitions, Writs, Through the Carroll County Detention Center, 19th Judicial Circuit . . . All have gone unanswered." (*Id*. at 12). For relief, Clark requests appointment of new counsel so that he might "have my day in court," and "if you see that the ineffective counsel has now ruined my chance for a day in court dismiss these untrue charges against me." (*Id*. at 15).

On February 24, 2021, Clark filed a Motion: Right to Counsel, in which he alleges being in custody at the Carroll County Detention Center for 18 months, and that he has not seen or spoken to his attorney, Mr. Pirani, for over 11 months. (ECF No. 4). He asserts that Mr. Pirani has prejudiced the defense and "has hired the alleged victim!!!" (*Id*. at 2). He posits that due to his counsel's alleged unprofessional errors, "the results of these proceedings are now going to be different," and he demands a dismissal of the proceedings against him. (*Id*. at 3).

Clark then filed a Motion for Sanctions on March 1, 2021, which generally restates his previous allegations regarding his detention and ongoing criminal cases in Carroll County, as well as his complaints about Mr. Pirani's representation and the violation of his right to a speedy trial. (ECF No. 5). He asks for the removal of Mr. Pirani (and that he be suspended from practicing law), and that Circuit Judge Gary Arnold be removed. (*Id*. at 3).

On March 12, 2021, Clark filed a Motion: Compel Appearance, demanding that he be brought before the Court. (ECF No. 6).

## II. LEGAL STANDARD

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the petitioner must not only be in custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994)). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)).

## III. ANALYSIS

### 1. Failure to Pay the Filing Fee or Submit a Completed IFP Application

Clark failed to pay the $5.00 filing fee or submit a completed application to proceed *in forma pauperis* ("IFP") with his Petition. Instead, his cover letter stated that he had the $5.00

filing fee in his inmate account and asked the Court to "send forms or contact the jail staff" for the filing fee. (ECF No. 1, p. 1). On February 8, 2021, the Court Clerk notified Clark that he must either pay the $5.00 filing fee or file a motion to proceed IFP no later than March 1, 2021, and a blank IFP application was mailed to Clark. The Clerk's notice advised Clark that, "[i]f the proper fees or motion are not received for case initiating documents, your case may be subject to dismissal."

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Clark has neither paid the $5.00 filing fee nor submitted a completed IFP application as ordered, and his case is subject to dismissal for that reason.

### 2. The Doctrine of Abstention Applies

To the extent Clark's Petition raises issues that may be resolved by trial or other state process, his claims are barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding

should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief") (internal quotations omitted).

There are ongoing state judicial proceedings pending against Clark, which implicate the important state interest of enforcing state criminal law, and those pending state criminal proceedings afford Clark an adequate opportunity to raise the constitutional questions he now presents.

Having previously been advised of the *Younger* doctrine of abstention in the dismissal of his prior petition under 28 U.S.C. § 2254, Clark now asserts that, "I have done all that a simple man knows to do," and "I have filed numerous Applications and Motions, Petitions, Writs, without them being addressed." (ECF No. 1 at 1, 6). The Court notes, however, that the docket reports for Clark's pending state criminal cases do not reflect the filing of numerous, or *any*, applications, motions, petitions, and writs by Clark seeking to assert his right to speedy trial or for substitution of counsel.

Moreover, Clark ignores the delays caused by the COVID-19 pandemic. Beginning on March 17, 2020, the Arkansas Supreme Court announced implementation of precautionary measures due to the pandemic, including the suspension of in person proceedings, and it ordered that for criminal trials any delay for speedy-trial purposes shall be deemed to presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h). *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 116 (per curiam).

On June 11, 2020, the Arkansas Supreme Court announced that the suspension of jury trials shall end on June 30, 2020, and that criminal jury trials shall be conducted in person, except that voir dire may be conducted by videoconference by agreement of the parties. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 249 (per curiam).

Jury trials that had not already begun were again suspended on November 20, 2020, with the suspension running until January 15, 2021. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 384 (per curiam). In that Per Curiam, the Arkansas Supreme Court acknowledged "that there are defendants awaiting trial beyond twelve months," and criminal courts were ordered to review their dockets for criminal cases that are outstanding for more than twelve months where the defendant either did not receive bond or has not met bond and evaluate whether there is any reason to reconsider bond. *Id*. Again, the Supreme Court stated that for criminal trials any delay due to precautions against the COVID-19 pandemic shall presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h) and shall constitute an excluded period for speedy trial purposes. *Id*.

The suspension of jury trials was extended through February 28, 2021 by a Per Curiam entered on January 5, 2021. *See In re Response to the COVID-19 Pandemic*, 2021 Ark. 1 (per curiam). Another extension, through April 30, 2021, was ordered on February 12, 2021. *See In re Response to the COVID-19 Pandemic*, 2021 Ark. 30 (per curiam).

While Clark's frustration is understandable, he has failed to establish any bad faith, harassment, or other unusual circumstance that would permit this Court to intervene in his pending state court criminal proceedings. Pursuant to *Younger*, his claims of any Constitutional violations must be raised and litigated there.

## IV. CONCLUSION

For the reasons and upon the authorities discussed above, it is recommended that Clark's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

It is also recommended that Clark's Motion: Right to Counsel (ECF No. 4), his Motion for Sanctions (ECF No. 5), and his Motion: Compel Appearance (ECF No. 6) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of March 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE