IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JAMES BRIAN CLARK**                                                                                   **PLAINTIFF**

**V.**                                             **CASE NO. 3:21-CV-03009**

**JIM ROSS, SHERIFF OF
CARROLL COUNTY, ARKANSAS**                                                          **DEFENDANT**

### ORDER

Currently before the Court is a Report and Recommendation ("R&R") (Doc. 7) filed on March 15, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. Magistrate Judge Ford recommends dismissing James Brian Clark's Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), his Motion for Counsel (Doc. 4), his Motion for Sanctions (Doc. 5), and his Motion to Compel Appearance (Doc. 6). After the R&R was issued, Mr. Clark filed a Motion to Dismiss State Court Indictment (Doc. 8) and Motion for Compassionate Release from Jail (Doc. 10). Finally, on March 22, Mr. Clark filed an Objection to the R&R (Doc. 9). The Court has now reviewed the entire docket of the case *de novo* and is prepared to rule on the habeas petition and the separate motions that were filed thereafter.

The R&R explains that Mr. Clark's habeas petition is subject to dismissal on two separate grounds. First, he failed to pay the $5.00 filing fee and did not complete an application to proceed *in forma pauperis*, as he was ordered to do. The Court agrees with the Magistrate Judge that the case is subject to dismissal on this basis alone. Second, the R&R advises that the Court should abstain from hearing the substantive

claims in the habeas petition pursuant to the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). The R&R explained:

> There are ongoing state judicial proceedings pending against Clark, which implicate the important state interest of enforcing state criminal law, and those pending state criminal proceedings afford Clark an adequate opportunity to raise the constitutional questions he now presents.

(Doc. 7, p. 6).

Mr. Clark's Objection to the R&R fails to offer any factual or legal reason why the Court should not abstain from hearing the case. Instead, he argues that he is innocent of the multiple criminal charges the state of Arkansas has brought against him. He demands to be freed on bond pending his trial. He contends that the many continuances of his trial date (caused, at least in part, by the COVID pandemic) have denied him the right to a speedy trial. And he insists that his court-appointed attorney has failed to adequately represent him in the state court proceedings. None of these complaints meet the high bar necessary to qualify as an exception to the *Younger* abstention doctrine. Mr. Clark's recourse is to seek relief by filing a motion in state court—something he has not yet tried to do, judging by the Court's review of the criminal dockets in both of his pending cases. His Objection is therefore **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc. 7) is **ADOPTED IN ITS ENTIRETY** and the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the R&R.

**IT IS FURTHER ORDERED** that in light of the Court's dismissal of the underlying habeas petition, all other pending Motions are **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 31st day of March, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE